**SHIELDS PETITTI, PLC**
Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Juarez,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County; Sheriff Paul Penzone, in his official capacity,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Regina Juarez for her cause of action against Defendants Maricopa County and Sheriff Paul Penzone hereby alleges:

**GENERAL ALLEGATIONS**

**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times. She is an employee of the Maricopa County Sheriff's Office.

1

1245337.1

2.  Defendant Maricopa County is a political subdivision of Arizona that can sue and be sued in its own name. Maricopa County is responsible for the oversight of the Maricopa County Sheriff's Office and for ensuring its activities comply with state and federal laws prohibiting discrimination and retaliation against employees.

3.  Defendant Paul Penzone is the Maricopa County Sheriff and is sued in his official capacity. Sheriff Penzone is responsible for the operation of the Maricopa County Sheriff's Office and has ultimate authority over the discriminatory and retaliatory employment practices engaged in by employees.

4.  Defendants have committed actions and caused events to occur in Maricopa County, which are the foundation of this action and out of which this action arises.

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 2000e-5, and 42 U.S.C. § 12133.

6.  Venue is proper under 28 U.S.C. § 1391 because the acts detailed in this Complaint occurred within the District of Arizona and all parties reside within the District of Arizona.

**(Nature of Action)**

7.  This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Americans with Disabilities Act, as amended ("ADA").

2

1245337.1

**(Jury Demand)**

8. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Plaintiff has been employed by Defendant Maricopa County as a Detention Officer since 2012.

10. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation against her employer, Maricopa County/Maricopa County Sheriff's Office ("MCSO"), on June 8, 2020.

11. On January 16, 2021, Plaintiff was violently attacked by an inmate she was transferring to and from court. She sustained numerous blows to the head and briefly lost consciousness. Pursuant to MCSO policy, Plaintiff was examined at a designated occupational health clinic and was given the diagnosis of whiplash.

12. MCSO policy dictates that supervisors call the Critical Incident Stress Management Team to assist employees who have been subjected to a "critical incident," such as an attack by an inmate. Plaintiff's supervisor, however, did not contact the Critical Incident Stress Management Team for Plaintiff's attack.

3

1245337.1

13. The following day, Plaintiff returned to work and was assigned to an area where she was in direct contact with inmates, despite MCSO's assurances that she would be placed on modified duty to avoid inmate contact.

14. For the next three weeks, MCSO continued to assign Plaintiff to areas where she had direct contact with inmates. As a result, Plaintiff's health deteriorated. She suffered from brain fog, memory problems, mood changes, vision challenges, dizziness, and sensory symptoms. Plaintiff's supervisors harassed her about her symptoms.

15. Because of her worsening condition, Plaintiff underwent additional medical evaluation. A computerized tomography (CT) scan revealed that she had suffered a traumatic brain injury.

16. As a result, Plaintiff took medical leave from February 2021 to August 2021. During that time, her medical benefits were cut and she did not receive workers compensation checks in the month of April 2021.

17. After receiving a Notice of Right to Sue from the EEOC, Plaintiff timely filed a Complaint in this Court on May 3, 2021, Case No. CV-21-00785-PHX-JJT, against Maricopa County, Sherriff Paul Penzone, and her supervisor, Chief Barry Roska, alleging sex discrimination and retaliation under Title VII and race/national origin discrimination under 42 U.S.C. § 1981.

18. Plaintiff was released to return to work on July 12, 2021 and provided MCSO with medical documentation stating that she may return to part-time, sedentary duty with no

1245337.1

inmate contact and limited computer work. Plaintiff suggested an open SIMS (Sheriff's Information Management Services) position, but MCSO refused to place her in that position and informed Plaintiff that it would not be able to provide a reasonable accommodation for her disability. On August 4, 2021, however, MCSO reversed course and told Plaintiff that it could provide an accommodation after all, albeit in a different position than what Plaintiff had requested.

19. Since August 5, 2021, Plaintiff has been assigned to the desk receptionist position as an accommodation for her disability. However, the prolonged screen time and exposure to light and noise associated with this position aggravate her symptoms, which include sensitivity to light, noise, and overstimulation.

20. Beginning in August 2021, Plaintiff informed her supervisors that the desk receptionist job aggravates her disability and inquired about accommodations, including alteration or removal of the overhead fluorescent lights. After delaying for approximately five (5) months, in January 2022, Defendant placed covers on the fluorescent lights.

21. Defendants again failed to pay Plaintiff her workers' compensation benefits for six (6) weeks in August and September 2021, yet her paychecks were reduced as if she were receiving benefits.

22. Plaintiff timely filed a second Charge of Discrimination ("Second Charge") with the EEOC on November 12, 2021. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

5

1245337.1

23. Since filing her Second Charge, Defendants have continued to retaliate against Plaintiff, including requiring her to attend an interview regarding the facts relating to her Second Charge and which potentially could result in discipline for Plaintiff.

24. Plaintiff is damaged by the wrongful acts of Defendants and their agents as herein alleged, which damage includes, without limitation, the following:

   a. Lost salary and employment benefits;

   b. Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendants and their agents;

   c. Injury to Plaintiff's reputation; and

   d. Injury from humiliation, trauma, extreme stress, depression, and physical and mental pain and anguish.

25. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

26. All prerequisites to Plaintiff filing suit have been met.

27. All allegations of this Complaint are incorporated into each Claim for Relief.

**FIRST CLAIM FOR RELIEF**
**Sex Discrimination Under Title VII**

28. Plaintiff is a member of a protected class (female).  Defendants intentionally discriminated against Plaintiff based on her gender.  Defendants have treated male detention

officers more favorably than Plaintiff in the terms and conditions of their employment, including the handling of similar inmate attacks and medical leave.

29. Plaintiff is damaged by Defendants' violations of Title VII as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**Retaliation Under Title VII**

30. Plaintiff filed an EEOC Charge of Discrimination against Defendants in June 2020. Thereafter, Defendants intentionally, knowingly, and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff by not calling the Critical Incident Stress Management Team in response to the inmate attack, placing Plaintiff in direct contact with inmates following the attack, harassing her about her injuries, not engaging in the ADA interactive process, denying reasonable accommodations for her disability, cutting her medical benefits, and delaying her workers' compensation pay.

31. Since the filing of her Second Charge, Defendants have continued to retaliate against Plaintiff, including requiring her to attend an interview regarding the facts relating to her Second Charge and which potentially could result in discipline for Plaintiff.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

1245337.1

### THIRD CLAIM FOR RELIEF
**Disability Discrimination Under the ADA**

33. Plaintiff suffered a traumatic brain injury in January 2021, resulting in substantial limitation of her ability to see, walk, sit, stand, think, and concentrate, but she is qualified to perform her job with accommodations.

34. Defendants failed to engage in the interactive process before initially refusing to accommodate Plaintiff's disability in July 2021.

35. Since Plaintiff informed Defendants that the desk receptionist position aggravates her disability, Defendants unjustifiably delayed for approximately five (5) months before granting Plaintiff's request for additional reasonable accommodation. The accommodation was granted only after Plaintiff filed her Second Charge with the EEOC.

36. Plaintiff is damaged by Defendants' violations of the ADA as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants as follows:

   A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated Title VII and the ADA, and enjoining Defendants from conduct violating Plaintiff's rights;

   B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

   C. For punitive damages;

1245337.1

D.      For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII, the ADA, and any other applicable statute, rule or regulation;

E.      For interest on each element of damage, cost, or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

F.      For such other and further relief as the Court deems just and proper.

DATED this 18th day of February, 2022.

                                                                               SHIELDS PETITTI, PLC

                                                                               By <u>Michael J. Petitti, Jr.</u>
                                                                                  Michael J. Petitti, Jr.
                                                                                  Paige C. Pataky
                                                                                  5090 N. 40th Street, Suite 207
                                                                                 Phoenix, AZ 85018
                                                                                  *Attorneys for Plaintiff*

9

1245337.1